# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOJO'S STUDIOS, INC., SOJO'S STUDIOS 2, INC., SOJO'S STUDIOS 3, INC., and SOJO'S STUDIOS 4, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 20 C 4780 |
| CITIZENS INSURANCE COMPANY OF AMERICA, | ) ) ) ) | Judge Charles P. Kocoras |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Citizens Insurance Company of America ("Citizens") motion to quash the subpoena for documents served by Plaintiffs upon The Insurance Services Office ("ISO"), a non-party. For the following reasons, the Court grants Citizens' motion.

## STATEMENT

In this insurance coverage case, Plaintiffs seek coverage for business interruptions due to COVID-19. At issue in this motion, is a subpoena served on non-party ISO concerning documents related to the insurance policy's exclusion for "[a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease" (the "Virus Exclusion"). This Court has now twice granted motions to dismiss because virus exclusions like the one at issue here are "clear,

1

sweeping, and all-encompassing." *Riverwalk Seafood Grill Inc. v. Travelers Cas. Ins. Co. of Am.*, 2021 WL 81659, at *3 (N.D. Ill. 2021) (Kocoras, J.); *accord Mashallah, Inc. et al v. W. Bend Mut. Ins. Co.,* 1:20-cv-05472, Dkt. #28 (N.D. Ill. 2021) (Kocoras, J.).

Instead of moving to dismiss, Citizens filed an answer and now the parties endeavor to litigate on a motion to quash whether Plaintiffs are entitled to discovery on the novel theory of regulatory estoppel. The regulatory estoppel theory was first recognized in New Jersey in *Morton Int'l, Inc. v. Gen. Accident Ins. Co.*, 134 N.J. 1 (1993), *cert. denied*, 512 U.S. 1245 (1994). The basic premise is that insurers cannot say one thing to an insurance regulator and another thing to the insured. *See id.* The Complaint here purports to invoke a regulatory estoppel argument in the following manner: "the inclusion of the Virus Exclusion was procured by fraud and is unenforceable because insurance industry representatives, in order to obtain regulatory approval, falsely stated to state regulators that property insurance policies had not historically been a source of recovery for losses caused by disease-causing agents, including viruses." Dkt. #1- 1 at ¶ 77.

Citizens now moves to quash largely on the grounds that regulatory estoppel is not a valid legal theory in Illinois and that the single sentence in the Complaint is a thread-bare, conclusory, and boilerplate allegation, which is insufficient as a matter of pleading. Plaintiffs respond that regulatory estoppel is a cognizable theory under *Am. States Ins. Co. v. Koloms*, 177 Ill. 2d 473 (1997). This is a discovery dispute that fully

litigates the merits of a theory in the Complaint, and one must decide one to decide the other. The Court ultimately agrees with Citizens on the dispositive issue about regulatory estoppel, which in turn resolves the motion to quash.

The Court concludes that the standalone regulatory estoppel allegation in Plaintiffs' complaint is insufficient. After all, we have *twice* held that the virus exclusion here is clear, sweeping, and unambiguous. Plaintiffs could therefore only prevail through their purported application of *Koloms*. But the Illinois Supreme Court made clear post-*Koloms* that courts are not required to "examine the relevant insurance industry drafting history" where a provision is unambiguous. *See Travelers Ins. Co. v. Eljer Mfg., Inc.*, 197 Ill. 2d 278, 301 (2001) (cleaned up). This is because Plaintiffs' attempted application of *Koloms* "ignores the well-settled principle that it is unnecessary for this court to consider extrinsic evidence of a policy's purported meaning where the words of the policy are unambiguous." *Ellsworth v. Grinnell Mut. Reinsurance Co.*, 2016 IL App (5th) 150158-U, ¶ 35. Not only have Illinois courts rejected the *Koloms* argument that Plaintiffs are making here, but the Seventh Circuit has also declined to adopt that approach. *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 153 (7th Cir. 1994). So do we.

Plaintiffs' regulatory estoppel allegation fails for another reason: it alleges fraud, which must be done with particularity. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The unadorned and conclusory single sentence relied on by Plaintiffs in no way alleges the "who, what, when, where, and how" of the

supposed fraud. *Id.* (internal quotation omitted). And even were Plaintiffs' allegation to not explicitly use the term "fraud," it is unclear to the Court that Plaintiffs' allegation would not merely be a "[t]hreadbare recital[] . . . supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This principle applies with special force in a more "complex case" like this one where the parties allege concealed fraud, which requires "more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

And finally, even in states like New Jersey and Pennsylvania[1] that have explicitly adopted some form of a regulatory estoppel theory, every court this Court could identify has granted the insurer's motion to dismiss and disallowed discovery. *E.g., Delaware Valley Plumbing Supply, Inc., v. Merchs. Mut. Ins. Co. et al.*, 2021 WL 567994, at *5 (D.N.J. 2021) (applying New Jersey law); *Humans & Res., LLC v. Firstline Nat'l Ins. Co.*, 2021 WL 75775, at *9 (E.D. Pa. 2021) ("In reading the foregoing statements, this Court is flatly unable to discern how they are contradictory or contrary to the position which Defendant takes here."); *Moody v. Hartford Fin. Grp., Inc.*, 2021 WL 135897, at *10 (E.D. Pa. 2021) (rejecting a regulatory estoppel theory in part because any statements could not be imputed to the insurer); *Brian Handel D.M.D., P.C. v. Allstate*

---

[1] "Outside of West Virginia, New Jersey, and Pennsylvania, courts have either rejected the doctrine outright or shied away from it in insurance coverage disputes." 2 Envtl. Ins. Litig.: L. and Prac. § 18:26 (2020). The "overwhelming majority of state and federal courts" have done so "primarily on the basis that extrinsic evidence is not permitted to vary the terms of a clear and unambiguous pollution exclusion provision." *Emps Ins. of Wausau v. Duplan Corp.*, 1999 WL 777976, at *14 (S.D.N.Y. 1999).

*Ins. Co.*, 2020 WL 6545893, at *4 (E.D. Pa. 2020) ("plaintiff fails to plead any facts to satisfy the second element that defendant currently takes a position contrary to the statements made before the regulatory agencies on behalf of the insurers."); *Newchops Rest. Comcast LLC v. Admiral Indem. Co.*, 2020 WL 7395153, at *9 (E.D. Pa. 2020) (granting a motion to dismiss where plaintiffs raised a regulatory estoppel theory and observing that "the insureds seek additional discovery on this issue under a theory of regulatory estoppel" "[w]ithout relying on any facts"); *Kessler Dental Assocs., P.C. v. Dentists Ins. Co.*, 2020 WL 7181057, at *3 (E.D. Pa. 2020) (similar). We agree with these courts' approaches.

Having decided the dispositive legal issue that fully underlies the instant motion to quash, the Court finds that striking the regulatory estoppel allegations under Federal Rule of Civil Procedure 12(f) is the preferable route because Plaintiffs' conclusory allegation is impertinent and immaterial. *See* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own"); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion."); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 n.3 (7th Cir. 1975) ("the prevailing view is that a district court most certainly may expedite proceedings by striking insufficient defenses on its own initiative"). There is simply no doubt as to what

5

the Virus Exclusion means and Plaintiffs' litigation tactics, however clever, cannot override clear, sweeping, and unambiguous language. Were the Court to instead grant Citizens' motion to quash as a discovery motion, it would effectively be dispositive anyway because the Court would still be rejecting Plaintiffs' entitlement to discovery on this very theory. Deciding this as a motion to strike however has the exact same effect, but also has the added advantage of expediting litigation that would otherwise be comparatively bogged down and protracted. Thus, the Court strikes Plaintiffs' regulatory estoppel allegation.

Having stricken Plaintiffs' regulatory estoppel allegation, the Court grants Citizens' motion to quash in turn. With the allegation stricken, there is no need for discovery as to its merit because no amount of discovery would resurrect Plaintiffs' threadbare, conclusory, and immaterial pleading of a novel and largely discredited legal theory.

In closing, as the Seventh Circuit has observed: "of course, pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But [the Federal Rules] allows the fish to object, and when they do so the fisherman has to come up with more than [Plaintiffs have here]." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Court strikes the regulatory estoppel allegations from Plaintiffs' Complaint. The Court grants Citizens' motion to quash accordingly.

At bottom, Plaintiffs' threadbare allegation contradict the plain, unambiguous meaning of the Virus Exclusion and cannot stand. It is so ordered.

Dated: 3/4/21

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Charles P. Kocoras
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge